FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 AUG 27 PM 3:08
CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

DREW JAMAL POLLARD, )
)
Petitioner, )
)
v. ) CV 113-115
) (Formerly CR 108-061)
UNITED STATES OF AMERICA, )
)
Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate confined to custody at the Federal Correctional Institution in Safford, Arizona, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

I.  **BACKGROUND**

On February 13, 2009, Petitioner pleaded guilty to one count of armed robbery of a credit union in violation of 18 U.S.C. §§ 2113(a) and (d), and one count of carrying, using, and brandishing firearms, including handguns and a short-barreled shotgun, during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and (B)(i). United States v. Pollard, CR 108-061, doc. nos. 156, 157 (S.D. Ga. Feb. 13, 2009) (hereinafter "CR 108-061"). On May

19, 2009, United States District Judge J. Randal Hall sentenced Petitioner to a 180-month term of imprisonment. (Id., doc. no. 194.) Petitioner did not file a direct appeal. Thereafter, he filed with the Court the instant motion pursuant to 28 U.S.C. § 2255, signed by him on July 9, 2013, and docketed by the Clerk of the Court on July 15, 2013. (Doc. no. 1.) In his motion, Petitioner alleges that he received ineffective assistance of counsel leading up to his guilty plea hearing, claiming that his counsel advised him to plead guilty to a crime of which he was actually innocent. (Id. at 5.)

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment and conviction was entered on May 19, 2009, and as no direct appeal was filed, his conviction and sentence became final ten days later. See Fed. R. App. P. 4(b)(1). Thus, the instant motion, filed over four years later, is untimely.

Petitioner asserts that his claim of actual innocence qualifies his motion under the

2

fundamental miscarriage of justice exception for tolling of the statute of limitations. (See doc. no. 1, p. 9.) This exception allows consideration of an otherwise untimely petition for federal habeas relief upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1985); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). In McQuiggin v. Perkins, the Supreme Court held that this exception survived AEDPA's passage and that actual innocence, if proved, serves as a gateway by which a petitioner filing an otherwise untimely habeas motion may circumvent the statute of limitations. 133 S.Ct. 1924, 1932 (2013). However, the exception "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." Id. at 1933 (internal quotations omitted) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

Here, Petitioner has not presented any new evidence to suggest that he did not commit the offenses to which he pleaded guilty such that no reasonable juror would have convicted him. In fact, the only evidence Petitioner raises in his motion is an eyewitness statement used by the government and available to Petitioner during the preliminary stages of his criminal case. (Doc. no. 1, p. 4.) Because Petitioner raises no new evidence, the actual innocence exception does not save the instant petition from being time-barred under AEDPA.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **FINDS** that Petitioner's motion is time-

3

barred by the applicable one-year statute of limitations, and thus **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 27th day of August, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE