IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA        *
                                *
        v.                      *        Case No.: 1:08-cr-61
                                *
DREW JAMAL POLLARD              *

ORDER

Presently before the Court is Defendant's Motion for Relief under Federal Rule of Civil Procedure 60(b)(4), whereby he asserts that the judgment against him is "void" because the Court lacked subject matter jurisdiction over him.  (Doc. 290.) Defendant pled guilty to one count of armed robbery of a credit union and one count of carrying, using, and brandishing firearms during a crime of violence.  Defendant was then sentenced to 60 months imprisonment for the armed robbery count and 120 months imprisonment for the firearm count, to be served consecutively (Doc. 260).

Defendant's Rule 60 motion alleges that his indictment was defective and that, by reason of ineffective counsel, he entered into "an unintelligible, and unknowing plea."  (Doc. 290 at 2.) The Government responded, arguing that a Rule 60 motion cannot be used to challenge criminal orders, and that Defendant already

filed a § 2255 motion that failed.[1]  In response, Defendant appears to claim that he does not challenge the underlying judgment, but rather the integrity of his judicial proceedings. (Doc. 292 at 4.)  Specifically, he claims that "[b]ecause the District Court dismissed sua sponte [Defendant's] Section 2255 Motion, which can be construed as fraud on the habeas court, it can rightly be construed as a true Rule 60(b) motion."  (Id. at 2.)  Because Defendant's motion and reply appear to make different arguments, this Court addresses each in turn.

With respect to the motion, Defendant argues that his indictment was defective because he entered into an unintelligible plea when he was actually innocent, and that he received ineffective assistance of counsel.  Thus, Defendant avers, "the offense conduct is unchargable[.]"  (Doc. 290 at 2.) As a preliminary matter, Defendant seeks relief under Rule 60(b), a civil rule, in his criminal case.  However, "the defendant cannot challenge [criminal judgments] at issue under the Federal Rules of *Civil* Procedure."  United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (emphasis in original); see also United States v. Whisby, 323 F. App'x 781, 782 (11th Cir. 2009) ("[W]e have held that Rule 60(b) does not

---

[1]     Four years after his conviction, Defendant filed a § 2255 motion to vacate his sentence.  (Doc. 276.)  In his motion, he alleged actual innocence and ineffective assistance of counsel, the same claims raised in his Rule 60(b) motion.  (Id.)  This Court adopted the United States Magistrate Judge's Report and Recommendation, denying the motion as untimely.  (Doc. 279.)

provide relief from a judgment in a criminal case."). In fact, Federal Rule of Civil Procedure 1 clearly states that the rules govern only "civil actions and proceedings." Fed. R. Civ. P. 1. Thus, to the extent Defendant seeks to attack the judgment under Rule 60, such a claim is **DENIED**.

Even so, "[f]ederal courts are obligated to look beyond the label of a pro se inmate's motion to determine if it is cognizable under a different statutory framework." United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003). Here, Defendant attempts to argue that the judgment against him was void. Thus, the only possible relief Defendant could seek would be under 28 U.S.C. § 2255, which covers claims of a "right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." However, as noted above, Defendant already filed a § 2255 motion with identical claims, which was denied as untimely. Defendant requested a certificate of appealability ("COA") to challenge the dismissal of his first § 2255, which the Eleventh Circuit Court of Appeals denied on May 8, 2014. (Doc. 288.) Specifically, the Court of Appeals held that Defendant's § 2255 motion was untimely and did not fall into the fundamental miscarriage of justice exception, as he offered no new evidence. (Id.)

Construing Defendant's present motion as one under § 2255, this Court finds that it is also untimely, for the same reasons stated in the August 27, 2013 Report and Recommendation. (Doc. 277.) Defendant has not offered any new evidence with the present motion. In fact, the allegations in the two motions are identical and he includes in the present motion only copies of transcripts from the underlying proceedings. See Duval v. United States, No. 8:12-cv-278-T-24-MAP, 2012 WL 1947054, at * 1 (M.D. Fla. May 30, 2012) (holding that the petitioner's Rule 60(b) motion was not meritorious in part because it challenged the same issue previously decided by the court regarding the timeliness of his § 2255 motion). Thus, and to the extent Defendant is raising a § 2255 motion herein, that motion is **DENIED**.

Finally, Defendant's reply brief appears to allege that he does not challenge the underlying conviction and judgment, but rather that this Court's sua sponte dismissal of his § 2255 motion was a "fraud on the habeas court," to which Rule 60 could provide relief. First, following the United States Magistrate Judge's Report and Recommendation, Defendant failed to file any objections. Thus, he forfeited his right to appellate review on that issue. Fed. R. Crim P. 59(b)(2) ("Failure to object in accordance with this rule waives a party's right to review."); United States v. Latchman, 512 F. App'x 908, 909 (11th Cir.

2013) (holding that "[b]ecause [the defendant] failed to object to the magistrate judge's recommendation, she waived her challenge, even for plain error, to the district court's acceptance of that recommendation."). Even so, the Court finds that such a contention lacks merit. As detailed above, Defendant already requested a COA on the dismissal of his § 2255 motion, which was denied by the Court of Appeals.

Accordingly, Defendant's motion for relief under Rule 60(b), however construed, is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of October, 2014.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA